**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| HAROLD L. DORTCH, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 19-00527-CG-B |
| | * |
| WEXFORD MEDICAL, *et al.,* | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 73, is before the Court on review.  For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, Harold L. Dortch, be **DISMISSED** without prejudice for failure to prosecute and obey the Court's orders.

## I. BACKGROUND

On August 14, 2019, Plaintiff, Harold L. Dortch, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees.  (Docs. 1 & 2).  On October 11, 2019, the Court granted Dortch's motion for leave to proceed without prepayment of fees and ordered Dortch to remit payment of a partial filing fee of $38.44 by November 11, 2019.  (Doc. 3).  The Court further advised Dortch that his complaint was not on this Court's current form for prisoner actions under 42 U.S.C. § 1983 and ordered Dortch to file

an amended complaint on the Court's current form by November 11,
2019. (Id. at 3). The Clerk was directed to send Plaintiff the
Court's current form for prisoner actions under 42 U.S.C. § 1983.
(Id. at 4). The Court cautioned Dortch that failure to comply
with the Court's order within the prescribed time would result in
the dismissal of this action for failure to prosecute and to obey
the Court's order. (Id. at 2).

On November 14, 2019, Dortch notified the Court of a change
of address and requested another complaint form and an extension
of time within which to file the new complaint and pay the initial
partial filing fee.[1] (Doc. 5). On November 20, 2019, the Court
directed the Clerk to send Dortch another complaint form. (Doc.
6). The Court also extended Dortch's deadline for filing an
amended complaint and his deadline for paying the initial partial
filing fee of $38.44 to December 11, 2019. (Id.). Dortch was
again cautioned that failure to timely comply with the Court's
order would result in a recommendation of dismissal for failure to
pay the partial filing fee, failure to comply with the Court's
orders, and failure to prosecute. (Id. at 1-2).

To date, the Court has not received the initial partial filing
fee, nor has the Court received Dortch's amended complaint.
Notably, Dortch has not requested an extension of time within which
to comply with the Court's order, nor has the order been returned
to the Court as undeliverable.

---

[1] Dortch also requested an evidentiary hearing, which was denied
as premature. (Doc. 6).

## II. DISCUSSION

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute.  Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.,* 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)).  While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court.  See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.).  Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure.  See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss

a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.; see also Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); Smith v. HSBC Bank USA, Nat'l Ass'n, 679 Fed. Appx. 876, 879 (11th Cir. 2017)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted).

In the instant action, the Court has afforded Dortch two opportunities over three months to pay his initial partial filing fee and to file his complaint on this Court's form, and he has failed to do either. The Court made it clear in its order dated November 20, 2019, that failure to comply with the Court's repeated directives would result in a recommendation of dismissal of Dortch's claim. (Doc. 6). Dortch has filed nothing in response. Thus, the Court recommends that this action be dismissed without prejudice for failure to obey the orders of the Court and failure to prosecute. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of

4

discretion); <u>Zow v. Regions Fin. Corp.</u>, 595 Fed. Appx. 887, 889 (11th Cir. 2014) (11th Cir. 2014) (if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); <u>Tanner v. Neal</u>, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); <u>accord</u> <u>Kelly v. Tipton</u>, 2015 U.S. Dist. LEXIS 24088, *3, 2015 WL 845959, *2 (S.D. Ala. Feb. 26, 2015).

## III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's directives.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

5

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

   **DONE** this the **14th** day of **January, 2020.**


                                    /s/ SONJA F. BIVINS
                           UNITED STATES MAGISTRATE JUDGE